Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0064 | **DATE** | 1/7/2011 |
| **CASE TITLE** | Byron Brown (#2008-0067477) vs. Superintendent Miller, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $20.17 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The court appoints Joseph K. Nichele, Broida and Associates, Ltd., 1250 E. Diehl Road, Suite 108, Naperville, Illinois 60563, (630) 245-1515 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

The plaintiff, a detainee in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that the defendants failed to take reasonable measures to prevent an attack on the plaintiff by a fellow inmate.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $20.17. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to
**(CONTINUED)**

mjm

| STATEMENT  (continued) |
|---|

the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.  This payment obligation will follow the plaintiff in the event of his transfer to another correctional center.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint.  Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action.  The Constitution imposes on jail officials a duty to "take reasonable measures to guarantee the safety of the inmates and to protect them from harm at the hands of others."  *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).

Due to the serious nature of the plaintiff's allegations, the court hereby appoints Joseph K. Nichele / Broida and Associates, Ltd. / 1250 East Diehl Road, Suite 108 / Naperville, Illinois 60563 / (630) 245-1515 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).  After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.  If counsel is unable to file an amended complaint, he should so inform the court.